# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

NEYEMBO MIKANDA,                    )
                                    )
            Petitioner,             )
                                    )
                                    )       CIV-09-903-HE
v.                                  )
                                    )
PAUL A. KASTNER, Warden,            )
                                    )
            Respondent.             )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.§636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed without prejudice to the filing of a 28 U.S.C. § 2255 motion in the proper court.

The habeas corpus petition under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed under § 2241 is the proper method for challenging the manner in which a federal or state sentence is being executed. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The § 2241 petition does not, however, encompass the claims of a federal prisoner of an unlawful conviction or sentence. In addition to the appeal procedures provided under statute, 28 U.S.C. § 1291, Congress enacted the 28 U.S.C. § 2255 motion to

1

vacate for collateral attacks on the validity of a federal judgment of conviction or sentence, and the 28 U.S.C. § 2255 statute requires that such a motion be brought in the court in which the conviction or sentence was entered. United States v. Hayman, 342 U.S. 205, 216 (1952); see Bradshaw, 86 F.3d at 166 ("A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.")(citations omitted). The 28 U.S.C. § 2255 motion to vacate is the exclusive remedy for testing the validity of a federal conviction or sentence unless it is inadequate or ineffective. Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam); 28 U.S.C. § 2255. It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and the § 2255 remedy has been found to be inadequate or ineffective in only "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

In the 21-page Petition filed August 18, 2009, Petitioner states that he is challenging an Order of Commitment and Judgment entered against him in the United States District Court for the District of New Jersey, Case No. 1:08-cr-0130-NLH.[1] Petitioner alleges that

_____

[1]Because it was not sufficiently clear from the allegations in the Petition whether Petitioner desired to expand his § 2241 habeas action to include claims against individual federal officials under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), Petitioner was directed to file a responsive pleading that would clarify the nature of his action, to provide information concerning the nature of his federal conviction(s) and sentence(s), and to provide information concerning the status of any appeal or post-conviction proceedings. Petitioner has now responded to the Order entered December 7, 2009 (Doc. # 11). In his responsive pleading, Petitioner states that he is asserting claims under 28 U.S.C. § 2241 challenging the constitutionality of his federal conviction entered in Case No. 1:08-cr-0130-NLH and is seeking solely habeas relief in the form of his release from imprisonment. However, Petitioner admits that his appeal from this federal conviction and sentence is pending in the United States Court of Appeals for the Third Circuit.

his New Jersey federal criminal conviction[2] and sentence violates his due process rights guaranteed under the Fifth and Sixth Amendments.

Petitioner's remedy for challenging the legality of his federal conviction and sentence is a motion to vacate under 28 U.S.C. § 2255. Petitioner has not shown that the § 2255 remedy is inadequate or ineffective for litigating his claims that his New Jersey federal conviction and sentence are unconstitutional or otherwise invalid. This Court lacks jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's challenge to his federal conviction and sentence because such a challenge is properly construed as a motion under 28 U.S.C. § 2255. A § 2255 motion may not be filed by Petitioner in this Court and must be filed in the United States District Court for the District of New Jersey where Petitioner was convicted. 28 U.S.C. § 2255; Haugh v. Booker, 210 F.3d 1147, 1152 (10th Cir. 2000)("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction."). Although this Court has the authority to transfer an action to the proper forum if such a transfer is in the interest of

_____

[2]Public records, of which the undersigned takes judicial notice, reflect that Petitioner was found guilty in a jury trial conducted in the United States District Court for the District of New Jersey on July 16, 2008, of 26 counts charged in a superseding indictment filed in United States v. Neyembo Mikanda, Case No. 1:08-cr-0130-NLH. Petitioner's conviction relates to his filing of false and fraudulent income tax returns on behalf of individual and corporate clients over several years. In a sentencing proceeding conducted on July 21, 2009, Petitioner was sentenced to an aggregate 84-month term of imprisonment to be followed by a 3 year term of supervised release. Petitioner was also ordered to pay restitution in the amount of $216.983.35 to the United States Treasury for distribution to the Internal Revenue Service. Petitioner has appealed his conviction and sentence. https://ecf.njd.uscourts.gov (docket sheet in United States v. Mikanda, Case No. 1:08-cr-0130-NLH, accessed December 29, 2009).

justice, 28 U.S.C. § 1631, Petitioner has an appeal from the conviction and sentence pending in the United States Court of Appeals for the Third Circuit. Consequently, a 28 U.S.C. §2255 motion to vacate his conviction would be premature. Therefore, the undersigned finds that a transfer of the action would not further the interest of justice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice to the filing of a 28 U.S.C. § 2255 motion in the proper court.

Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ____January 19th____ , 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___30th___ day of ___December___, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE