**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

NEYEMBO MIKANDA,                              )
                                             )
                    Petitioner,              )
vs.                                          )          NO.  CIV-09-0903-HE
                                             )
PAUL A. KASTNER, Warden                      )
                                             )
                    Respondent.              )

## ORDER

Petitioner Neyembo Mikanda, appearing *pro se*, brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  The matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B), who recommended that the petition be dismissed without prejudice to the filing of a 28 U.S.C. § 2255 petition in the proper court.  Petitioner has objected to the Report and Recommendation.

Petitioner states that his petition is brought pursuant to 28 U.S.C. § 2241.  That statute authorizes habeas challenges to the manner in which a federal or state sentence is being executed.  § 2242(c)(3).  It does not, however, encompass the claims of a federal prisoner challenging his conviction or sentence, as is the substance of petitioner's challenge here.  A post-appeal challenge to a conviction or sentence is properly brought via a motion to vacate under 28 U.S.C. § 2255, and such a motion is the exclusive method for challenging a conviction or sentence unless "it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963).

The petitioner bears the burden of showing that a § 2255 motion is "inadequate or ineffective." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1998). Petitioner has failed to make such a showing here and, thus, the court lacks jurisdiction to consider his challenge under § 2241.

Further, the court lacks jurisdiction to consider the petition as a motion to vacate under § 2255, as a motion under that provision may only be brought in "the court which imposed the sentence" — here, the United States District Court for the District of New Jersey. Though this court has the authority to transfer the petition to that court "in the interest of justice," as the magistrate judge concluded, transfer is not proper as the case is pending direct appeal before the Third Circuit and, thus, is premature for challenge under § 2255.

Accordingly, after de novo review, the court **ADOPTS** the Report and Recommendation [Doc. No. 13] and **DISMISSES** the petition without prejudice to the filing of a 28 U.S.C. § 2255 motion to vacate in the proper court.

**IT IS SO ORDERED**.

Dated this 14th day of May, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE